# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Bowling Green Division**

| | | |
|---|---|---|
| Debra Cage<br>　　*Plaintiff*<br><br>v.<br><br>Jefferson Capital Systems, LLC<br>　　*Defendant*<br>Serve:<br>　　Corporation Service Company<br>　　421 W. Main Street<br>　　Frankfort, KY 40601 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.　1:17-CV-38-GNS |

# COMPLAINT and DEMAND FOR JURY TRIAL

\* \* \* \* \*

## INTRODUCTION

1.　This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

## JURISDICTION

2.　This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3.　Plaintiff, Debra Cage, is a natural person who resides in Logan County, Ky. Ms. Cage is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.　Jefferson Capital Systems, LLC ("Jefferson Capital") is a foreign corporation that has registered with the Kentucky Secretary of State. Jefferson is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Jefferson's principal place of business is located at 16 McLeland Road, St. Cloud, MN 56503.

5.　Jefferson Capital is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

6. On October 7, 2015, Jefferson Capital filed suit against Ms. Cage in the Logan District Court of Logan County, Kentucky under Case No. 15-C-00612 (the "State Court Lawsuit").

7. Jefferson Capital's complaint in the State Court Lawsuit was an attempt to collect a charged-off credit account originated by Webbank/Fingerhut account ("Webbank").

8. The Webbank credit account at issue in the State Court Lawsuit was used solely for personal, family, or household purposes, which makes the Webbank credit account debt a "debt" within the meaning of the FDCPA.

9. On February 15, 2016, Jefferson Capital moved for default judgment against Ms. Cage in the State Court Lawsuit and the Logan District Court entered default judgment in Jefferson Capital's favor on February 15, 2016 (the "Default Judgment"). A true and accurate copy of the Default Judgment is attached as Exhibit "A."

10. The Default Judgment provides in pertinent part:

**DEFAULT JUDGMENT**

This cause having come for hearing upon Motion of the Plaintiff for a Default Judgment herein, and it appearing to the Court that the Defendant(s), having been duly summoned, has/have failed to file answer or otherwise plead within the time prescribed by law, and appearing from the Affidavit filed in support of Plaintiff's Motion that the Defendant(s) is/are not in the military service of the United States.

It is ORDERED and ADJUDGED that the Plaintiff recover from the Defendant(s) Debra C Cage the sum of $803.63 with 12% per annum from date of judgment until paid, plus court costs, for all of which it may have execution. There being no just cause for delay, this is a final and appealable Order.

Exhibit "A."

11. The Default Judgment awarded Jefferson Capital its "court costs" but did not state an amount for such court costs.

12. Under Kentucky law, to collect court costs awarded by judgment the prevailing party is required pursuant to Ky. Civ. R. P. 54.04(2) to file a bill of costs with the court clerk and serve that bill of costs on the defendant, stating:

> A party entitled to recover costs shall prepare and serve upon the

> party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

13. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

14. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

15. Jefferson Capital failed to file a bill of costs with the court clerk, and failed to serve a bill of costs on Defendant Debra Cage, for the court cost awarded to Jefferson Capital in the State Court Lawsuit as required by Ky. R. Civ. P. 54.04(2).

16. Because Jefferson Capital failed to comply with Ky. R. Civ. P. 54.04(2) as set out in paragraph 15 *supra*, no endorsement for any amount of court costs was endorsed on the judgment by the court clerk for the court costs awarded to Jefferson Capital in the State Court Lawsuit judgment.

17. On March 31, 2016, Jefferson Capital issued an order of wage garnishment (the "Garnishment") in an attempt to collect the Default Judgment that included an amount claimed owed for court costs. A true and accurate copy of the Garnishment is attached as Exhibit "B."

18. The Garnishment provides in pertinent part:



19. Upon information and belief, the "Amount Due" of $947.67 stated in the Garnishment order includes an amount for self-awarded court costs that Jefferson Capital had no legal right to recover from Ms. Cage due to its failure to comply with Ky. R.Civ.P. as set out *supra* herein.

20. The funds taken out of Ms. Cage's pay, and the garnishment issued by Jefferson Capital caused Ms. Cage great economic hardship.

21. The Garnishment has also taken a huge emotional and physical toll on Ms. Cage.

22. Jefferson Capital violated the FDCPA by misrepresenting the amount of the debt in the Garnishment, including costs and fees in the amount of court costs listed in the Garnishment that are not allowable as court costs, and including a claim for court costs in the Garnishment where no Bill of Costs was filed in the State Court Lawsuit.

## Claims for Relief

### I. Claims Against Jefferson Capital Systems, LLC For Violations of The FDCPA

23. The foregoing acts and omissions of Jefferson Capital constitute violations of multiple subsections of the FDCPA, including, but not limited to:

A. violation of 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of a debt;

B. violation of 15 U.S.C. § 1692e(5) by the threat to take an action that cannot legally be taken;

C. violation of 15 U.S.C. § 1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. an amount it is not legally entitled to collect and take an act to collect it cannot legally take.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Debra Cage requests that the Court grant her the following relief:

1. Award Plaintiff actual damages, including but not limited to damages for emotional distress, upset, frustration, and anxiety as a result of the Garnishment;

2. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k against each Defendant;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com